IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PATRICK MALONE  Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-122 |
| MINERVA MARINE, INC.  Defendant. | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**PLEASE TAKE NOTICE** that Defendant, Minerva Marine, Inc. (hereinafter "MMI" or "Defendant"), files this Notice of Removal of this action from the 10th Judicial District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; and, in the alternative, 28 U.S.C. § 1333. In support thereof, MMI would respectfully show this Court as follows:

## I.
## INTRODUCTION

1. On February 25, 2014, Plaintiff Patrick Malone (hereinafter "Malone") commenced an action against MMI in the 10th Judicial District Court of Galveston County, Texas, entitled "*Patrick Malone v. Minerva Marine, Inc.*" (hereinafter the "Original Petition") pending as Cause No. 14-cv-0214 (the "State Court Action"). MMI has yet to be served by Malone.

This Notice of Removal is filed before the 30 day period of receipt of Malone's Original Petition and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served, even if the complaint is received at a prior date).

## II.
## FACTUAL BACKGROUND

2. Malone alleges that on or about December 9, 2013, he was working aboard the M/V MINERVA VIRGO (hereinafter the "MINERVA VIRGO"), which is owned and operated by MMI. (*See* **Exhibit A-2**, Plaintiff's Original Petition at ¶ 6&7). At the time of the alleged incident, the vessel was deployed on navigable waters. (*Id.* at ¶ 6*)*.

3. In his Petition, Malone alleges he was "performing his regular job duties as a petrochemical inspector [and] in performing his duties . . . slipped on a slippery substance that was located on the deck of the vessel causing him to fall awkwardly and hit his head, among other parts of his body." *Id.* at ¶ 7.

4. Malone alleges negligence of MMI and the MINERVA VIRGO and unseaworthiness of the MINERVA VIRGO. (*Id.* at ¶ 8). Malone alleges his causes of action arise under Texas Common Law, General Maritime Law and § 905(b) of the Longshore and Harbor Workers Compensation Act. (*Id.* at ¶ 4).

5. Malone resides in the State of Texas. (*Id.* at ¶ 2).

6. MMI is a foreign corporation/company not registered or certified to do business in Texas and does not maintain a registered agent or office in the State of Texas. (*Id.* at ¶ 3).

## III.
## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

7. This case is removable because Malone and MMI are from different countries, there is complete diversity of citizenship, the amount in controversy is greater than $75,000, exclusive of interests and costs, and MMI is not a citizen of the State of Texas. 28 U.S.C. §§ 1332(a); and 1441(b)(2). This Court would have had subject matter jurisdiction over this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. § 1441(b).

8. To be sure, diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interests and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332. As long as none "of the parties in interest properly joined as defendants is a citizen of the State in which such action is brought", the action may be removed. 28 U.S.C. § 1441(b). Because both of the requirements for subject matter jurisdiction are met in this case, and MMI is not a citizen of the State of Texas, removal is proper.

A. **The Amount in Controversy Exceeds $75,000**

9. The amount in controversy in this action exceeds $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a). Malone has alleged damages in excess of $1,000,000.00. (*Id.* at ¶ 23).

B. **Diversity of Citizenship Exists**

10. There is complete diversity between the parties. At the time Malone filed his Original Petition, and at the time of removal, Malone was and is a resident citizen of the State of Texas. (**Exhibit A-2**, at ¶ 2).

11. Malone has not alleged, and regardless, could not maintain any cause of action under the Jones Act because Malone is not a seaman, therefore the statutory bar to removal contained in the Jones Act is inapplicable.

12. MMI is not a citizen of the State of Texas, *see supra* ¶¶ 6 &10, no statutory bar to removal exists pursuant to 28 U.S.C. § 1441(b)(2).  No other statutory bar to removal is implicated by Malone's Original Petition.

## IV.
## ALTERNATE BASIS FOR REMOVAL – ADMIRALTY JURISDICTION

13. Subject to, and without waiving the foregoing basis for removal, and in the alternative, this Court has original jurisdiction over Malone's claims against MMI pursuant to admiralty and maritime law. *See* 28 U.S.C. §1333(1); and *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013).

**A.     This Court has Original Jurisdiction Over Malone's Claims**

14. As shown above, Malone brings a claim for an alleged maritime tort occurring on navigable waters and having a substantial relationship to a traditional maritime activity. *See supra* ¶¶ 2-4. Federal admiralty jurisdiction flows from the Constitution, which extends federal judicial power "to all cases of admiralty and maritime jurisdiction." *Roth v. Kiewit Offshore Servs.*, 625 F. Supp. 2d 376, 383 (S.D. Tex. 2008) (citing U.S. Const., art. III, § 2). Congress gave the district courts original jurisdiction over any civil case of admiralty and maritime jurisdiction. *See* 28 U.S.C. 1333(1); *see also Roth*, 625 F. Supp. at 383; and *Ryan*, 945 F. Supp. 2d at 774. Malone's allegations entail alleged acts of negligence and unseaworthiness on a "vessel [while] deployed on navigable waters". (*See* **Exhibit A-2**, at ¶¶ 6&7); s*ee also supra* ¶¶ 2-4. Malone further admits his causes of action are based in the general maritime law. (**Exhibit**

**A-2**, at ¶ 4). The federal district courts accordingly have original jurisdiction over his the claims in this suit.

B.  **This Action Can Be Removed Because the District Court Has Original Jurisdiction and There is No Impediment to Removal**

15. The removal of claims is permitted when the United States District Courts have original jurisdiction and removal is not otherwise prohibited by Act of Congress. *See* 28 U.S.C. § 1441(a).

16. Because Plaintiff has no claim under the Jones Act or other allegations that might entail a statutory bar to removal, and because this Court has original jurisdiction over all of the claims raised, this suit is properly removed pursuant to 28 U.S.C. § 1441(a). *See Ryan* 945 F. Sup. 2d 779 (concluding that Plaintiff's motion to remand must be denied because "all of Plaintiff's claims are admiralty claims over which a federal district court has original jurisdiction and the revised removal statute does not limit removal of these claims….").

## V.
## ADDITIONAL PROCEDURAL MATTERS

A.  **Proper Federal District Court**

17. The 10th Judicial District Court of Galveston County, Texas is located within the Southern District of Texas, Galveston Division. Consequently, pursuant to 28 U.S.C. § 1441, this action is properly removed to this Court.

B.  **State Court Documents Attached**

18. This Notice of Removal is accompanied by the following documents:

    i.  An index of matters being filed (**Exhibit A-1**)[1]

---

[1] Galveston County District Clerk's office informed the undersigned that docket sheets in civil matters are no longer maintained. Typical docket sheet entries are now contained in the Case Summary – attached hereto as Exhibit A-1.

      ii.     All pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third party actions, interventions, and all answers to such pleadings (**Exhibit A-2**)

      iii.    A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit **Exhibit A**-3).

**C.**    **Consent of All Defendants**

19.    MMI consents to removal; MMI is the only defendant in this case.

**D.**    **Notice**

20.    Upon filing this Notice of Removal, MMI will provide written notification to Malone and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk for the 10th Judicial District Court of Galveston County, Texas.

**E.**    **Jury Demand**

21.    Malone has made a jury demand in state court.

**V.**
**PRAYER**

For the foregoing reasons, Defendant Minerva Marine, Inc. prays that this action against it, pending in the 10th Judicial District Court of Galveston County, Texas and bearing civil action number 14-cv-0214, be removed forthwith to this Honorable Court.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: _____/s/ William P. Glenn, Jr._____
William P. Glenn, Jr.
State Bar No. 00784136
bill.glenn@roystonlaw.com
James R. Watkins
State Bar No. 20926500
james.watkins@roystonlaw.com
The Hunter Building
306 22nd Street, Suite 301
Galveston, Texas  77550
(409) 763-1623 – Telephone
(409) 763-3853 – Facsimile
**ATTORNEYS FOR DEFENDANT,
MINERVA MARINE, INC.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of April 2014 a true and correct copy of the foregoing was served upon all counsel of record as listed below:

Keith W. Lapeze
Taylor Shipman
The Lapeze Law Firm
1113 Vine Street, Suite 100
Houston, Texas  77002

_____/s/ William P. Glenn, Jr_____.
William P. Glenn, Jr.